UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARCUS BENSON,

        Plaintiff,

vs.

GREGORY BRUNETTE, et al.,

        Defendants.
_____/

Case No. 12-cv-10095
HON. BERNARD A. FRIEDMAN
MAG. JUDGE R. STEVEN WHALEN

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.     Introduction**

*Pro se* plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), commenced this action against defendants, pursuant to 42 U.S.C. § 183, for violating his constitutional rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Defendants are all MDOC employees. Plaintiff claims that he was improperly terminated from his prison employment after correction officers falsely accused him of stealing merchandise, namely a pair of socks. Plaintiff alleges that prison officials made their determination based upon insufficient evidence and because he is African-American.

Before the Court are plaintiff's unopposed objections to Magistrate Judge Whalen's February 25, 2013 Report and Recommendation ("R&R") [docket entries 19 and 20]. The Magistrate Judge recommended that the Court grant defendants' motion for summary judgment [docket entry 11]. Since the Court has reviewed this matter *de novo* pursuant to Fed. R. Civ. P.

-1-

72(b)(3), and finds that the Magistrate Judge's recitation of the underlying facts is accurate, the Court will adopt the Magistrate Judge's summary of the factual record as it appears on pages 1 through 3 of the R&R.

In his objections, plaintiff for the most part reiterates the arguments contained in his response to defendants' motion for summary judgment. Plaintiff argues that defendants engaged in disparate treatment because they solely investigated African-American inmates for the alleged sock theft and failed to discipline white inmates who had been caught with merchandise in the past. Plaintiff asserts that prison officials did not conduct an independent investigation of the underlying facts surrounding his termination. Additionally, plaintiff maintains that, "grievance and investigation procedures were not followed" and that defendant Mary Reid denied his grievance because she "had a biased and personal interest in the outcome of the grievance complaint."

**II.     Analysis**

Pursuant to its *de novo* standard of review, the Court finds that the Magistrate Judge's conclusions are correct. Plaintiff's equal protection claim is unavailing as he does not present any evidence that prison officials treated him differently from similarly situated white inmates. In fact, plaintiff's contention is belied by his own admission that, "there was an equal number of Caucasian American prisoners. . . who had also been stripped searched." Compl. at ¶ 15. Furthermore, although plaintiff proffered the affidavit of a white fellow inmate to support his disparate treatment theory, plaintiff overlooks the crucial fact that prison officials eventually terminated this inmate as well after they suspected him of stealing merchandise. Pltf. Resp. Br. Exh. EE at ¶ 8.

With respect to his due process claim, plaintiff does not possess either a due process liberty or property interest in continued prison employment. See Dobbins v. Craycraft, 423 F. App'x 550, 552 (6th Cir. 2011); Roberts v. Croft, No. 12-0936, 2012 U.S. Dist. LEXIS 104571, at *31 (N.D.

Ohio Jul. 26, 2012). Nor is there a constitutional right to an effective prison grievance procedure. See Young v. Gundy, 30 F. App'x 568, 569-70 (6th Cir. 2002); Carpenter v. Wilkinson, No. 99-3562, 2000 U.S. App. LEXIS 1915, at *5 (6th Cir. Feb. 7, 2000). Similarly, prison officials cannot be held accountable under the Due Process Clause for failing to properly investigate an inmate's grievance. See Carlton v. Jondreau, 76 F. App'x 642, 644 (6th Cir. 2003). And plaintiff's allegation that the denial of his grievance was predicated upon bias and personal interest is unsupported by the record. See Flores v. Livingston, 405 F. App'x 931, 932 (5th Cir. 2010) (affirming the dismissal of a prisoner civil rights complaint on the ground that the plaintiff's "claims of impartiality are conclusional.").

Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation is affirmed.

IT IS FURTHER ORDERED that plaintiff's objections are denied.

IT IS FURTHER ORDERED that defendants' motion for summary judgment is granted.

Benson v. Brunette (12-10095)

Dated: March 28, 2013                    _s/ Bernard A. Friedman_____
       Detroit, Michigan                 BERNARD A. FRIEDMAN
                                         SENIOR UNITED STATES DISTRICT JUDGE